IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02343-OES

MICHAEL ANDRE CRUMPTON,

    Plaintiff,

v.

OFFICER MARK FINNIN, Individually and Officialy [sic],
CITY OF AURORA, COLORADO,
COUNTY OF ARAPOHOE [sic],
OTHER UNKOWN [sic] AGENTS, Individually and Officially, and
AGENCIES,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED PRISONER COMPLAINT

---

Plaintiff Michael Andre Crumpton is in the custody of the United States Bureau of Prisons and currently is incarcerated at MCFP Springfield. He has filed a *pro se* Prisoner Complaint. He is suing Defendants pursuant to 42 U.S.C. §§ 1983, 1985, 1988, to 28 U.S.C. §§ 1343 and 1367, and to Colorado state law. He alleges that Defendants have violated his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. He seeks injunctive relief and compensatory and punitive damages. For the reasons stated below, Mr. Crumpton will be directed to amend the Complaint.

The Court must construe Mr. Crumpton's Complaint liberally, because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Crumpton alleges that on or about October 1996 several federal marshals and state police officers conducted a search and seizure of his residence and stash house and removed personal property belonging to him. He also asserts that on September 19, 1996, state officers took personal property from an automobile that he was driving. Plaintiff further alleges that after he was convicted and sentenced he sought the return of the property but was denied his request, as the property was seized as evidence of narcotics crimes of which he was convicted, and the evidence was needed for use in pending appeals in the case. Plaintiff contends that the property was taken without notice and consent in violation of his Fourth, Fifth, and Fourteenth Amendment rights and in violation of the laws of Colorado. Plaintiff also asserts that no forfeiture proceeding took place regarding the property.

In the Complaint, Plaintiff fails to demonstrate how each Defendant personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475

2

U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff, therefore, will be directed to amend the Complaint and assert how each named Defendant violated his constitutional rights.

Plaintiff should further note that municipalities, such as the City of Aurora and the Arapahoe County are municipal entities, and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under 42 U.S.C. § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694. Accordingly, it is

ORDERED that Plaintiff file, within thirty days from the date of this Order, an original and a copy of an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff a copy of this Order and two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails to file, within thirty days from the date of this Order, an original and sufficient copies of an Amended Complaint that complies, to the satisfaction of the Court, with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14 day of January, 2006.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02343-OES

Michael A. Crumpton
Reg. No. 27217-013
USMCFP – Springfield
P.O. Box 4000
Springfield, MO 65801-4000

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/10/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk